Gregory G. Barnett (GGB-3751)
CASEY & BARNETT, LLC
317 Madison Avenue, 21st Floor
New York, New York  10017
(212) 286-0225
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MUND & FESTER GMBH & CO.KG a/s/o PHOENIX
FOODS, S.A.

                  Plaintiff,

    - against -

MV MOL BRASILIA and MV MOL INNOVATION,
their engines, boilers, tackle, furniture, apparel, etc *in
rem*; and AMERICAN PRESIDENT LINES, LTD *in
personam*,

                 Defendants.
------------------------------------------------------------------X

**COMPLAINT**

        Plaintiff, MUND & FESTER GMBH & CO.KG a/s/o PHOENIX FOODS, S.A (hereinafter "M&F" or "Plaintiff"), by and through its attorneys, Casey & Barnett, as and for its Complaint against the MV MOL BRASILIA and MV MOL INNOVATION, their engines, boilers, tackle, furniture, apparel, etc *in rem*; and AMERICAN PRESIDENT LINES, LTD *in personam*, alleges upon information and belief as follows:

**PARTIES**

    1.    At all material times, M&F was and is a foreign corporation with an office and place of business located at Trostbrucke 4 20457 Hamburg, Germany and is the subrogated underwriter of a consignment of asparagus laden on board the MV MOL BRASILIA and MV MOL INNOVATION, as more specifically described below.

2. Upon information and belief, defendant, American President Lines, Ltd. (hereinafter "APL"), was and still is a business entity duly organized and existing under the laws of a foreign state, with a place of business located at 1111 Broadway, Oakland, California 94607, and was and still is doing business in this jurisdiction directly and/or through an agent and was at all times acting as the owner, operator and/or manager of the MV MOL BRASILIA and MV MOL INNOVATION, and as common carriers of goods by water for hire.

3. Upon information and belief, at all times hereinafter mentioned, defendant MV MOL BRASILIA (hereinafter "vessel #1") and MV MOL INNOVATION (hereinafter "vessel #2) were and still are vessels operated as common carriers of goods in ocean transportation for hire and upon information and belief, they are now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

## JURISDICTION

4. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the General Maritime Law of the United States.

## FACTS

5. On or about October 5, 2006, a consignment consisting 4800 cartons of asparagus, then being in good order and condition, were delivered to the MV MOL BRASILIA and the *in personam* defendants and/or their agents in Callao, Peru, for transportation to San Pedro, California in consideration of an agreed upon freight, pursuant to certain bills of lading, including bill of lading numbers APLU-900032173 and APLU-900032337.

6. The consignment was scheduled to depart Callao, Peru on October 5, 2006 for an estimated arrival in San Pedro California on October 19, 2006.

7. The consignment did not depart until October 10, 2006. Thereafter, the consignments having been loaded aboard the MV MOL BRASILIA, the vessel sailed from the port of Callao, Peru to the port of Manzanillo, Mexico for transshipment to the MV MOL INNOVATION.

8. Subsequently, the consignment arrived in San Pedro, California on October 24, 2006 and was not made available until October 25, 2006.

9. Following discharge, it was discovered that the consignment was not in the same good order and condition as when received by the defendants, but instead, had sustained damages due to the delay in transit.

10. Upon inspection, it was determined that the damages sustained to the asparagus during transit were the result of elongated transit time while the consignment was in the care and custody of APL and/or their agents, which was beyond its USDA recommended storage and transit time.

11. After mitigating their loss, Phoenix Foods, S.A. sustained a loss in the amount of $39,716.99.

12. The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, unseaworthiness and bailment on the part of the defendants.

13. At all times relevant hereto, a contract of insurance for property damage was in effect between Phoenix Foods, S.A. and Mund & Fester GMBH, which provided coverage for, among other things, loss or damage to the consignment.

14. Pursuant to the aforementioned contract of insurance between Phoenix Foods, S.A and Mund & Fester GMBH, monies have been and will be expended on behalf of Phoenix

Foods, S.A in the amount of $39,716.99 to the detriment of Mund & Fester GMBH due to the damages sustained during transit.

15. As Mund & Fester GMBH has sustained damages as a result of said expenditures, expenditures rightly the responsibility of the defendants, Mund & Fester GMBH has an equitable right of subrogation and is subrogated, to the extent of its expenditures, to the rights of its insured with respect to any and all claims for damages of against the defendant.

16. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

17. Plaintiff and its predecessors in title have performed all of the conditions precedent on their part to be performed under the terms of the said contract.

18. By reason of the foregoing, plaintiff has been sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $39,716.99.

19. Plaintiff has a maritime lien against the MV MOL BRASILIA and MV MOL INNOVATION for the damages referred to herein and will enforce that lien in these proceedings.

20. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

1. In rem service of process be issued against the MV MOL BRASILIA and MV MOL INNOVATION, their engines, boilers, tackle, furniture, apparel, etc.; that the vessels be seized and that all those claiming an interest in them be cited to appear and answer under oath both all and singular the matters aforesaid;

2. If the in personam defendants cannot be found within this District, then all their property within this District be attached in the amount of $39,716.99 with interest thereon and costs, the sums sued for in this Complaint;

3. The MV MOL BRASILIA and MV MOL INNOVATION, their engines, boilers, tackle, furniture, apparel, etc., be condemned and sold to satisfy the judgments herein in favor of plaintiffs;

4. The Court order, adjudge and decree that defendants American President Lines, Ltd., MV MOL BRASILIA and MV MOL INNOVATION be found joint and severally liable and pay to plaintiff the losses sustained herein, together with pre-judgment and post judgment interest thereon and their costs; and,

5. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
September 19, 2007
260-68

                                          CASEY & BARNETT, LLC
                                          Attorneys for Plaintiff

By: _____
Gregory G. Barnett (GGB-3751)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225