James H. Hohenstein
Lissa D. Schaupp
HOLLAND & KNIGHT LLP
195 Broadway
New York, NY 10007-3189
Telephone: (212) 513-3200
Telefax: (212) 385-9010
Email: jim.hohenstein@hklaw.com
 lissa.schaupp@hklaw.com

Attorneys for Defendant,
AMERICAN PRESIDENT LINES, LTD.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUND & FESTER GMBH & CO.KG a/s/o PHOENIX FOODS, S.A.,<br><br>Plaintiff,<br><br>-against-<br><br>MV MOL BRASILIA and MV INNOVATION, their engines, boilers, tackle, furniture, apparel, etc. *in rem*; and AMERICAN PRESIDENT LINES, LTD *in personam*,<br><br>Defendants. | 07 Civ. 8200 (JES)<br><br>**ANSWER** |

NOW COMES Defendant, American President Lines, Ltd. ("APL"), by and through its attorneys, Holland & Knight LLP, answering the Complaint of Plaintiff Mund & Fester GMBH & CO.KG a/s/o Phoenix Foods, S.A., ("Plaintiff"), and respectfully states upon information and belief:

## PARTIES

1.      Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "1" of the Complaint.

2.      Admits that APL was and still is a business entity duly organized and existing under the laws of a foreign state, with a place of business located at 1111 Broadway, Oakland, California 94607, and was and still is doing business in this jurisdiction as a common carrier of goods by water for hire. Denies the remaining allegations set forth in paragraph "2" of the Complaint.

3.      Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "3" of the Complaint.

## JURISDICTION

4.      Admits the allegations set forth in paragraph "4" of the Complaint.

## FACTS

5.      Admits that on or about October 5, 2006, a cargo of asparagus was delivered to APL in Callao, Peru and that APL transported the cargo under bill of lading numbers APLU 900032173 and APLU 900032337 from the Port of Callao, Peru to the Port of San Pedro, California. Denies the remaining allegations set forth in paragraph "5" of the Complaint.

6.      Denies the allegations set forth in paragraph "6" of the Complaint.

7.      Admits the allegations set forth in paragraph "7" of the Complaint.

8.      Admits that the consignment arrived in San Pedro, California on October 24, 2006. Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "8" of the Complaint.

9.      Denies the allegations set forth in paragraph "9" of the Complaint.

10.   Denies the allegations set forth in paragraph "10" of the Complaint.

11.   Denies the allegations set forth in paragraph "11" of the Complaint.

12.   Denies the allegations set forth in paragraph "12" of the Complaint.

13.   Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "13" of the Complaint.

14.   Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "14" of the Complaint.

15.   Denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "15" of the Complaint.

16.   Denies that Plaintiff is entitled to maintain this action and denies having knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph "16" of the Complaint.

17.   Denies the allegations set forth in paragraph "17" of the Complaint.

18.   Denies the allegations set forth in paragraph "18" of the Complaint.

19.   Allegation not directed at APL, thus no response required.

20.   Not by way of an allegation, thus no response required.

## APL'S FIRST AFFIRMATIVE DEFENSE

21.   APL alleges, by way of an affirmative defense, that Plaintiff's Complaint fails to state a claim upon which relief can be granted. Said shipments described in Plaintiff's Complaint were subject to all the terms, conditions and exceptions contained in bills of lading APLU 900032173 and APLU 900032337 to which Plaintiff agreed to be and is bound. Any shortage, loss or damage to the shipment, which APL specifically denies, was due to causes for which APL was not liable or responsible by virtue of the provisions of the Carriage of Goods by Sea

Act ("COGSA"), *reprinted in* note following 46 U.S.C. § 30701, (formerly 46 U.S.C. § 1301 *et seq.*), and/or the Harter Act, 46 U.S.C. §§ 30702-30707 (formerly 46 U.S.C. App. § 190 *et seq.,*) and/or the applicable APL tariffs and/or provisions of the APL bills of lading and/or the general maritime law of the United States.

### APL'S SECOND AFFIRMATIVE DEFENSE

22.     Any damage sustained or to be asserted by Plaintiff, which APL specifically denies, was a result of the negligence or recklessness of either Plaintiff and/or other parties over which APL has no control and/or for which APL cannot be held liable.

### APL'S THIRD AFFIRMATIVE DEFENSE

23.     If, which is denied, APL is found liable for any loss or damage to the cargo in question, Plaintiff's right to recovery from APL Defendants must be denied for its assured's failure to mitigate its damages.  46 U.S.C. App. § 1304.

## **PRAYER FOR RELIEF**

WHEREFORE, APL respectfully requests:

1. The Complaint against APL be dismissed with prejudice and that judgment be entered in favor of APL; and,

2. For such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 18, 2007

                                    HOLLAND & KNIGHT LLP

                              By: _____
                                    James H. Hohenstein
                                    Lissa D. Schaupp
                                    HOLLAND & KNIGHT LLP
                                    195 Broadway
                                    New York, New York 10007
                                    Telephone: 212-513-3200
                                    Telefax: 212-385-9010
                                    E-mail: jim.hohenstein@hklaw.com
                                            lissa.schaupp@hklaw.com


                                    Attorneys for Defendant,
                                    *American President Lines, Ltd.*


TO:

CASEY & BARNETT, LLC
Gregory G. Barnett
317 Madison Avenue, 21st Floor
New York, New York 10017